**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE LANDA, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MENASHA PACKAGING COMPANY, LLC,<br><br>Defendant. | Case No. 1:20-cv-05691 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT AND, IN THE ALTERNATIVE, TO REQUEST A MORE DEFINITE STATEMENT**

Plaintiff Jose Landa ("Plaintiff" or "Landa") brought this action against Defendant Menasha Packaging Company, LLC ("Defendant" or "Menasha") for invading his privacy by unlawfully collecting, using, storing, and disseminating his biometric identifiers and/or information in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. BIPA creates basic protections for Illinoisans whose biometric data is collected, "impos[ing] safeguards to ensure that individuals'…privacy rights in their biometric identifiers and biometric information are properly honored[.]" *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 36. Under BIPA, before collecting biometric identifiers and/or information (collectively referred to herein as "biometric data"), entities must first inform the subject in writing that biometric data is being collected or stored, and receive that person's written consent. 740 ILCS 14/15(b). If the collector discloses the data, it generally must receive consent for that as well. 740 ILCS 14/15(d). Finally, any entity that possesses biometric data must create a publicly accessible policy regarding the retention and destruction of such data. 740 ILCS 14/15(a). After violating

every one of these provisions, Defendant now attempts to defeat Plaintiff's allegations at the pleading stage by attacking Plaintiff's counsel, regurgitating its opposition to Plaintiff's Motion for Leave to Amend the Complaint, and by largely either by misconstruing the statute or outright ignoring Plaintiff's well-plead allegations and established precedent. For the reasons set forth below, this Court should enter an Order denying Defendant's motion.

## I. RELEVANT BACKGROUND

Plaintiff filed this class action against Defendant in the Circuit Court of Cook County on September 24, 2020 to redress Defendant's alleged unlawful collection, use, storage, and disclosure of its employees' biometric information under BIPA. Defendant removed this action to federal court on November 3, 2020. (Dkt. 1.) In his Class Action Complaint (Dkt. 1-1), Plaintiff provided detailed allegations that, to track their time, Defendant's employees were required to scan their handprints for enrollment in Defendant's biometric timekeeping system, but Defendant did not first: (1) develop and adhere to a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendant, as required by BIPA; (2) inform Plaintiff and the Class in writing of the purpose(s) and length of time for which handprint data is being collected, stored, and used by Defendant; (3) provide Plaintiff and the Class (nor did they execute) a written release for Defendant to collect, store, or use their handprints, as required by BIPA; or (4) ask for consent before disclosing, redisclosing, or otherwise disseminating their handprints to a third party, as required by BIPA. (Dkt. 1-1 ¶¶ 13, 35-39, 41, 47-48, 50, 69, 73-74, 78, 82-83.)

Plaintiff Jose Landa was staffed by Ron's Staffing and worked for Menasha as a forklift driver from 2015 to 2018 at a warehouse located at 11601 Central Ave., Alsip, IL 60803. (*Id*. ¶ 44.) Defendant required Plaintiff to scan his fingerprint so it could be used as an authentication

method to track his time and his breaks. (*Id.* ¶ 46.) Defendant failed to inform Plaintiff and other employees of the extent of the purposes for which it collected individuals' sensitive biometric data or to whom the data is disclosed. (*Id.* ¶¶ 13, 47-48, 83.) Defendant failed to develop and adhere to a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying individuals' handprint data when the initial purpose for collecting or obtaining their handprints is no longer relevant, as required by BIPA. (*Id.* ¶¶ 36, 47, 69, 73.) Defendant's employees, including Plaintiff, were not told what might happen to their biometric data if and when Defendant merged with another company or, worse, if and when Defendant's entire business folds. (*Id.* ¶ 40.) Since Defendant neither published a BIPA-mandated data retention policy nor disclosed the purposes for its collection of biometric data, Defendant's employees, including Plaintiff, had no idea at the time of collection to whom Defendant sells, discloses, re-discloses, or otherwise disseminates their biometric data. (*Id.* ¶ 41.) Nor are employees told at the time of collection to whom Defendant discloses their biometric data or what might happen to their biometric data in the event of a merger or a bankruptcy. (*Id.*) Finally, Defendant failed to secure a written release from its employees, including Plaintiff, permitting them to collect, obtain, store, use, and disseminate employees' biometric data, as required by BIPA prior to collecting their data. (*Id.* ¶¶ 13, 39, 47, 50, 78, 82.)

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a plaintiff's complaint, not decide the merits of the case. *Derfus v. City of Chicago*, 42 F. Supp. 3d 888, 893 (7th Cir. 2014). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff."

*Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). Courts must deny a defendant's motion to dismiss pursuant to Rule 12(b)(6) if the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("plaintiff must give enough details about the subject-matter of the case to present a story that holds together").

  **B.**  **Rule 12(e)**

Rule 12(e) provides, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) However, the motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Rule 12(e) motions are generally disfavored, and "courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft responsive pleading." *Sapia v. Bd. of Educ.*, No. 14-cv-07946, 2018 WL 1565600, at *8 (N.D. Ill. Mar. 31, 2018) (quoting *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 917 (N.D. Ill. 2016) (internal quotations omitted)).

**III.**  **ARGUMENT**

  **A.**  **Plaintiff Adequately Alleged Defendant Possessed his Biometric Data and Failed to Comply with BIPA.**

Defendant contends in its motion that Plaintiff failed to allege Menasha possessed his biometric data. (Dkt. 36 at 7.) This argument is quickly disposed of by a reading of the Complaint, where Plaintiff alleges no fewer than a dozen times that Defendant captured, collected, and stored his biometric data, which clearly put it in possession of Plaintiff's data. (Dkt. 1-1 ¶¶ 13, 31, 35,

4

41, 47-48, 52, 71, 80, 83-84, 90.) Defendant goes on to posit that because it was not Plaintiff's employer and did not "actively" collect Plaintiff's biometric data, it cannot be held liable for its BIPA violations. (Dkt. 36 at 7.) Not so.

Section 15(b) of BIPA states that "No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's . . . biometric identifier or biometric information" without first satisfying three conditions. 740 ILCS 14/15(b). Defendant is undisputedly a "private entity" that Plaintiff alleges has "obtained" Plaintiff's handprints by requiring all of its workers – including Plaintiff – to clock in and out using their fingerprints, but it has failed to comply with BIPA's prerequisites for doing so. Plaintiff alleges Defendant never: (1) informed Plaintiff that it was collecting, storing, using or disseminating his biometric identifiers and/or biometric information (2) informed Plaintiff of the purpose and length of time for which those biometric data were collected, stored, used, or disseminated; or (3) secure an executed written release from Plaintiff authorizing its collection, storage, usage, or dissemination. Thus, on the face of the Complaint, Plaintiff has stated a claim against Defendant for violations of Section 15(b).

      **B.**      **BIPA Does Not Apply Exclusively to Employers.**

Defendant next claims that it is not Plaintiff's employer, an issue of fact not appropriate for consideration at this stage. But even if Plaintiff was not directly employed but rather staffed at Defendant's facilities, Defendant's positions fail. In *Neals v. PAR Technology Corp.*, 419 F. Supp. 3d 1088, 1092 (N.D. Ill. 2019) (Guzman, J.), the Court rejected the defendant's argument that only an employer, and not a third-party, can be held liable under BIPA. The Court concluded that the defendant's "interpretation of BIPA…has no support in the text of the statute" and disagreed with two state trial court decision supporting the defendant's position because "there is no textual support whatsoever for such a restricted view of the statute's application." *Id*. That is because

5

BIPA "obligates *any* private entity that collects a person's biometric information to comply with its requirements[.]" *Id.* (emphasis added). Here, Plaintiff has alleged that Defendant, a private entity, captured, collected, or otherwise obtained his biometric data when he performed work at Defendant's facilities without first obtaining his written consent to do so. Accordingly, regardless of whether Defendant was Plaintiff's employer, Plaintiff has adequately alleged Defendant violated BIPA.

This matter is also analogous to *Figueroa v. Kronos Incorporated*, 454 F. Supp. 3d 772, 783 (N.D. Ill. 2020) (Feinerman, J.). There, the defendant argued that only employers are required to obtain Section 15(b)'s written release because of how the term "written release" is defined by BIPA. The Court rejected this argument, holding, "Even if Kronos' obtaining Plaintiffs' data occurred "in the context of employment" – as opposed to in the context of a business-to-business relationship between Kronos and their employers – Kronos was still a "private entity" that "collect[ed]" or "obtain[ed]" Plaintiffs' data, and thus remained obligated to receive a release from them as a condition of their employment." *Id*. The defendant went on to contend "that it did not 'collect' Plaintiffs' biometric data within the meaning of Section 15(b) because the provision 'applies narrowly only to those entities that actively collect or capture biometrics.'" *Id*. The Court did not buy this argument either because "Section 15(b) governs not only entities that 'collect' biometric data, but also those that 'capture, purchase, receive through trade, *or* otherwise obtain' such data." *Id*. at 783-84 (citing 740 ILCS 14/15(b)) (emphasis in original). Here, as in *Figueroa*, Plaintiff has alleged that Defendant – which is indisputably a "private entity" – captured, collected, stored, used, and disclosed his biometric data, "and to have done those things, [Defendant] necessarily first had to 'obtain' the data." *Id*. at 784. These persuasive and opinions, omitted

6

entirely from Defendant's motion, make clear that Defendant does not have to be Plaintiff's employer in order to be held liable for BIPA.

        C.      **Defendant's "Active Collector" Theory Fails because BIPA Applies to All "Private Entities" in Illinois.**

BIPA's text directly refutes Defendant's "active collection" argument because the notice and consent requirements of Section 15(b) apply uniformly to "private entities" that "receive [biometric data] through trade, or ***otherwise obtain*** [biometric data]." 740 ILCS 14/15(b) (emphasis added). Nothing in BIPA suggests that only entities that "actively" collect biometric identifiers and/or biometric information directly from individuals are obligated to comply. Rather, consistent with BIPA's laudable goals, *any* entity that collects, captures, purchases, receives through trade, or otherwise obtains biometric identifiers and/or information, no matter the source or the manner of collection, must ensure that notice is given and written consent received before doing so. *Id*.

The Pay By Touch bankruptcy that motivated BIPA's passage makes clear that "active collection" is not the touchstone of liability under Section 15(b). The Pay By Touch bankruptcy prompted concerns that fingerprint databases might be sold to unknown third parties, and the Illinois legislature acted upon these concerns by passing BIPA. But under Defendant's theory, neither Pay By Touch nor any entity that purchased the fingerprint database through the bankruptcy could be held liable under Section 15(b) because it was Pay By Touch's clients that "actively collected" individuals' fingerprints. Accordingly, the legislature specifically addressed these concerns by requiring informed written consent when any private entity collects, captures, purchases, receives through trade, or otherwise obtains biometric identifiers and/or information. *See* 740 ILCS 14/15(b). The legislature's emphasis on "major national corporations" placing biometric devices in third-party locations such as grocery stores, gas stations, and schools strongly

indicates that the Illinois legislature targeted companies that were "mere vendors," if they were collecting the biometric data themselves. *See* 740 ILCS 14/5(b). "[I]n giving effect to legislative intent, the court should consider … the reason for the law, the problems to be remedied, and the objects and purposes sought." *People v. Donaho*, 204 Ill. 2d 159, 171-72 (2003). The Illinois legislature plainly intended for BIPA to cover entities such as Defendant.

And Defendant's contention has been rejected by at least one Northern District Court judge. In an oral ruling issued in *Thome v. Novatime Technology, Inc.*, No. 19 C 6256 (N.D. Ill. Jan. 9, 2020) (Kennelly, J.), the Court rejected the defendant's contention that BIPA requires the defendant to participate in "active acquisition" for Section 15(b) to apply because "[t]he statute talks about collection; collection is enough." (*See* Exhibit A, Tr. of Oral Ruling at 3:6-10.) Accordingly, the Court should reject Defendant's "active collection" theory and deny its motion.

**D.     Defendant's Request for a More Definite Statement Should Be Rejected.**

At the end of its motion, Defendant tacks on a brief regurgitation of irrelevant case law in support of its untimely request for "a more definite statement." (Dkt. 36 at 11-12.) Per Rule 12(e), a motion for a more definite statement should be filed prior to filing a responsive pleading. Fed. R. Civ. P. 12(e). While the decision to grant such a motion is within the Court's sound discretion, may only grant a Rule 12(e) motion "where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." Fed. R. Civ. P. 12(e) (advisory committee notes to 1946 amendment). Defendant's motion to dismiss makes clear that Menasha understands the claims at issue in the Complaint. *See Hallom v. City of Chicago*, No. 1:18 C 4856, 2019 WL 1762912, at *2 (N.D. Ill. Apr. 22, 2019) (holding the defendant's motion and reply briefs indicated the complaint could be reasonably answered) (citing *Zaragon Holdings, Inc. v. Indian Harbor Ins. Co.*, No. 08 CV 0111, 2008 WL 1883472, at *5 (N.D. Ill. Apr. 25, 2005) (same).

Because Defendant has already demonstrated it can reasonably respond to the Complaint, its request for a more definite statement should be denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court deny Defendant's motion.

Date: July 2, 2021                                                                                Respectfully Submitted,

/s/ *Haley R. Jenkins*
Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

**COUNSEL FOR PLAINTIFF
AND THE PUTATIVE CLASS**

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on July 2, 2021, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

*/s/ Haley R. Jenkins*